Kenneth Paul KING, Petitioner,

v.

RAIZEN OIL COMPANY, Tri–State Insurance Company and the Workers' Compensation Court, Respondents.

No. 67594.

Court of Appeals of Oklahoma, Division No. 4.

Jan. 24, 1989.

Richard A. Bell, Norman, for petitioner.

Earl G. Williams, Green, James, Williams & Elliott, Oklahoma City, for respondents.

BRIGHTMIRE, Vice Chief Justice.

The dispositive issue in this workers' compensation case is whether the respondent's medical evidence—that the claimant "has no impairment of the respiratory system"—is competent when its physician states that it is based on test values which are unreliable and "totally inaccurate because the patient would not cooperate at all during the examination"?

We hold it is not and vacate the trial court's order denying the claimant's claim on the basis of such incompetent evidence.

I

Twenty-two-year-old Kenneth Paul King filed this claim against Raizen Oil Company alleging injury to his lungs and upper respiratory tract as a result of four-and-one-half years of continuous exposure to "raw gas, diesel fumes, welding fumes, chemicals, H2S gas [and] dust" inhaled during the internal swabbing and cleaning of oil tanks.

His unchallenged testimony portrayed the details of his allegations. His medical doctor noted this history and upon examining the claimant determined that he had a shortness of breath, inability to engage in long-distance running as he had before being injured, a sputum-producing cough, and constant nasal congestion. He also noted, radiologically, "increased bronchio vascular markings with areas of fibrosis." All of this was consistent with and supportive of a job-related "Class 3 respiratory impairment" of 45 percent to the body as a whole as manifested by a pulmonary function test the physician performed. He gave the claimant another 5 percent impairment to the body as a whole because of an upper respiratory tract obstruction which was "caused or aggravated by his [claimant's] employment."

The only other medical evidence is a report by the respondent's doctor. He makes it quite clear that some pulmonary or diagnostic tests essential to an acurate diagnosis of the claimant's lung condition could not be adequately made because the patient gave no effort and was uncooperative during testing. Consequently, instead of reporting that a valid impairment rating was not possible under such circumstances and let the respondent seek appropriate judicial relief, the physician chose to assume that the claimant had sustained no impairment, and in effect penalize the claimant for such alleged uncooperativeness by means of a negative opinion.

It was on the basis of this medical evidence that the trial court found the claimant had not sustained a job-related injury and denied him relief.

He appeals urging that the denial is not supported by competent evidence.

II

Does the respondent's medical report disclose on its face that the physician's opinion is not competent thus rendering the

court's finding based thereon reversibly erroneous?

We hold that it does. It is fundamental that a medical opinion on causation or impairment rating is no better than the facts and reasons upon which it is based. *Downs v. Longfellow Corp.*, 351 P.2d 999 (Okl.1960).

Here the respondent's doctor states that he was unable to obtain certain test results needed to correctly determine the existence or degree of the claimant's alleged job-related impairment because of the claimant's alleged failure to "cooperate." Instead of advising the court of an inability to carry out a proper examination the physician simply "assumed" that had the claimant cooperated the test results would have reflected no abnormality, and based on such assumption opined that there was indeed no impairment.

This was inappropriate. The lack of a valid diagnostic premise to support the respondent's doctor's opinion made it incompetent.

The Preface to the *Guides*[1] touches on this general subject and makes it quite clear that, with regard to rating permanent impairment, a physician's conclusions about an individual's clinical status should be based on or justified by the "history, the physical examination, and the laboratory tests and other diagnostic procedures." A valid determination of injury or quantification of impairment must depend on valid information regarding pre-injury status and accurate testing and diagnostic data. "If the rater does not have sufficient information to measure change accurately, the rater should not attempt to do so," says the *Guides'* Preface.[2] The "opinion of physicians about nonmedical issues [should not] influence the outcome," that is, the rating, and the Preface concludes with this relevant admonition:

"While medical information is of little value in predicting functional ability or the lack of it, an appropriate use of knowledge about an individual's health may be of help in explaining an observed performance failure. However, in such a case, the analysis should consider whether or not the specific medical condition can cause the type of observed failure, which is a medical decision, and whether or not in the particular case it *did* cause the failure, which is not a medical decision."[3]

The rationale underlying these guidelines is applicably helpful in resolving the issues in this case. By basing his opinion on the claimant's alleged failure to cooperate the doctor departed from appropriate *Guides* procedure, made a nonmedical decision and executed an impermissible invasion of the court's province. By reason thereof the respondent's medical report is not competent medical evidence on the vital issue of job-related impairment.

### III

Since the undisputed probative evidence is that the claimant sustained a work-related injury resulting in partial permanent impairment and damage to the claimant's lungs of 45 percent to the body and an additional 5 percent to the body because of upper respiratory system obstruction, it was error to deny the claimant an award consistent with such evidence.

The order appealed is therefore vacated and the cause is remanded with directions to enter an award for the claimant which is in accord with such undisputed evidence.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

BACON and RAPP, JJ., concur.

---

1. American Medical Association, *Guides to the Evaluation of Permanent Impairment* (2d ed. 1984).

2. *Id.* at ix.

3. *Id.* at x.